PENNSYLVANIA STEEL CO. et al. v. NEW YORK CITY RY. CO. et al.

(Circuit Court of Appeals, Second Circuit. May 2, 1910.)

No. 317.

STREET RAILROADS (§ 55*)—FORECLOSURE OF MORTGAGES—RECEIVERSHIP—IM-
PROVEMENT OF PROPERTY.

A court of equity, which through its receivers is operating an exten-
sive system of street railroads pending the foreclosure of mortgages and
liens on its various parts, has power in its discretion to authorize the ex-
penditure of money by the receivers in the completion of car houses,
which were being rebuilt or enlarged on certain of the lines, where in its
judgment such expenditure is necessary to meet the requirements of the
system and render adequate service to the public, leaving the question of
the distribution of the expense as between the different mortgagees to be
determined on a final accounting.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 134; Dec.
Dig. § 55.*]

Appeals from the District Court of the United States for the South-
ern District of New York.

Suit in equity by the Pennsylvania Steel Company and another
against the New York City Railway Company and others. With
this case were heard suits in equity by the Morton Trust Company,
by the Guaranty Trust Company of New York, and by the Morton
Trust Company against the Metropolitan Street Railway Company
and others. From an interlocutory order of the Circuit Court (171
Fed. 1019) the Morton Trust Company and the Guaranty Trust Com-
pany appeal. Affirmed.

Bronson Winthrop, Charles T. Payne, and George Roberts, for Mor-
ton Trust Company.

Julien T. Davies and Brainard Folles, for Guaranty Trust Com-
pany.

Arthur H. Masten, William M. Chadbourne, and Ellis W. Leaven-
worth, for Joline and Robinson, receivers.

Before COXE and WARD, Circuit Judges, and HOLT, District
Judge.

WARD, Circuit Judge. These are appeals from an order of the
Circuit Court authorizing the receivers of the Metropolitan Street
Railway Company to expend some $400,000 out of income for the com-
pletion of three certain car houses, one of which had been destroyed
by fire, all three of which were being reconstructed on a larger scale.
The appellants are respectively the trustee under the general mort-
gage of the Metropolitan Street Railway Company to the Guaranty
Trust Company and the trustee under the refunding mortgage to
the Morton Trust Company. Both mortgages are being foreclosed.
The car houses are being erected on ground covered by the latter
mortgage only. Both trustees object that there is no sufficient proof
that such extensive construction is necessary. The necessity of car
houses is quite clear; also that they should be erected on the ground

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

on which they originally stood; and also that, when erected, they should be sufficient for the requirements of the system which the receivers were operating. We think that it was within the sound discretion of the Circuit Court, in view of all the circumstances, to say how extensive the improvements should be, and are not disposed to interfere with its conclusion on this point.

The other objections arise out of the competition between the two mortgages. The trustee of the general mortgage insists that these car houses directly benefit the refunding mortgage, which alone covers the premises, and therefore the receivers should be reimbursed for the expense of construction out of the property covered by it. On the other hand, the trustee of the refunding mortgage says that it is a first lien only upon real estate, which, instead of being improved in value, is injured by the erection of the car houses, especially if it be sold to a person not purchasing the railroad system, upon which the general mortgage is a first and the refunding mortgage a second lien. Therefore it is contended that the expense of construction should be imposed upon the property of the Metropolitan Street Railway Company, for whose benefit, as a railway system, it is incurred.

Each appellant contends that the order should be amended to cover its contention. The Circuit Court and this court have persistently held that the disposition of all competing equities is to be reserved until the final distribution of the whole fund. Judge Lacombe's memorandum, handed down with the order appealed from, shows plainly that this was his intention. An application to him for a resettlement would certainly have resulted in the insertion of a provision that payment out of income in the first instance should not prejudice the claims of any one upon final distribution.

The order is affirmed, but, as some of the parties think that, as drawn, it will finally conclude the matter, with instructions to the Circuit Court to resettle it in this particular, if application to that end be made.